```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,  )
                           )
          Plaintiff,       )
                           )
vs.                        ) CAUSE NO. 1:17-cr-00067-JMS-MJD
                           ) Indianapolis, Indiana
JULY JUSTINE SHELBY (01),  ) Wednesday, September 13, 2017
a/k/a William McClain,     ) 2:02 o'clock p.m.
                           )
          Defendant.       )
```

```
                          Before the
           HONORABLE CHIEF JUDGE JANE MAGNUS-STINSON


                  TRANSCRIPT OF PLEA HEARING
```

```
APPEARANCES:
FOR THE GOVERNMENT:   United States Attorney's Office
                      By:  Kristina M. Korobov
                      10 West Market Street, Suite 2100
                      Indianapolis, Indiana 46204

FOR THE DEFENDANT:    Law Office of Jessie A. Cook
                      By:  Jessie A. Cook
                      400 Wabash Avenue, Suite 212
                      Terre Haute, Indiana 47807

ALSO PRESENT:         The Defendant in person.

COURT REPORTER:       Jean A. Knepley, RDR, CRR, CRC, FCRR
                      46 East Ohio Street, Room 309
                      Indianapolis, Indiana 46204
```

```
             PROCEEDINGS TAKEN BY MACHINE SHORTHAND
                 COMPUTER-AIDED TRANSCRIPTION
```

1                      (In open court.)

2          THE COURT:  We are here under 1:17-cr-67, United

3  States of America versus July Justine Shelby.  Ms. Shelby is

4  present in person with counsel, Ms. Cook. The Government is

5  present by Assistant United States Attorney Kristina Korobov,

6  and she is assisted by Agent Darin Odier, who is with IMPD,

7  correct?

8          MS. KOROBOV:  Yes.

9          THE COURT:  This matter is before the Court for

10  change of plea and sentencing, and the Court is assisted by

11  Probation Officer Stephanie Hood, who prepared the presentence

12  report in this case.  Our court reporter is Jean Knepley.

13          Yesterday the parties filed an amended petition to

14  enter a plea.  Was the amendment basically the conditions of

15  supervision, or what else was amended in there?

16          MS. COOK:  What was amended in there, Your Honor, was

17  on page 8 as a portion of the factual basis.  We amended the

18  language to show that, if I can just --

19          THE COURT:  Okay.  Prepubescent versus infant.

20          MS. COOK:  Yes, Your Honor.  That was the only

21  change.

22          THE COURT:  Okay.  Well, there is a big range between

23  prepubescent and infant.  I suppose neither impacts the

24  guidelines, prepubescent; is that correct?

25          MS. KOROBOV:  They would affect the guidelines, they

1  wouldn't affect our sentence, though, as far as what we agreed

2  upon, that it was a 15-year sentence.  So the reason, though,

3  that the Government consented to the change is for the

4  Defendant's safety in prison, not as far as it related to any

5  guideline calculations.  The picture is what it is.

6           THE COURT:  Okay.  Are there any victims to be heard

7  today?

8           MS. KOROBOV:  No, Your Honor.

9           THE COURT:  Thank you.

10           Ms. Shelby, I need to ask you some questions today,

11  and before I do, I need to swear you in.  Can you raise your

12  right hand, please?

13      (Defendant sworn.)

14           THE COURT:  All right.  Do you understand that you

15  are now under oath, and if you answer any of my questions

16  falsely, your answers may later be used against you in another

17  prosecution for perjury or making a false statement?

18           THE DEFENDANT:  I do.

19           THE COURT:  What is your full name?

20           THE DEFENDANT:  July Justine Shelby.

21           THE COURT:  And where were you born?

22           THE DEFENDANT:  Columbus, Indiana.

23           THE COURT:  You are a United States citizen?

24           THE DEFENDANT:  Yes.

25           THE COURT:  How old are you?

4

1          THE DEFENDANT:  Fifty-three.

2          THE COURT:  And how far did you go in school?

3          THE DEFENDANT:  I have a bachelors from Ball State.

4          THE COURT:  You can read and write English?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Well enough to have understood the plea?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  And the presentence report?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  All right.  One of the things I need to

11  make sure is that you are competent to understand these

12  proceedings, and I know from the presentence report you have

13  had some mental health treatment in the past.  Today, as you

14  sit here, are you suffering the effects of any mental illness

15  such that you would not be able to understand what is

16  happening?

17         THE DEFENDANT:  No, ma'am.

18         THE COURT:  Okay.  Are you under the influence of any

19  drug, medication, or alcoholic beverage right now?

20         THE DEFENDANT:  No, ma'am.

21         THE COURT:  Don't you take medication?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  And what medication do you take?

24         THE DEFENDANT:  Estrogen, Finasteride, and

25  spironolactone.

1          THE COURT:  Do any of those medications interfere

2    with your ability to understand?

3          THE DEFENDANT:  No, ma'am.

4          THE COURT:  All right.  Is there any reason not

5    covered by my questions that you would not be able to

6    understand what is happening today?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  If at any time you have a question, if

9    there is something that you don't understand, please let me

10   know.  I will try to clarify if I can, or if you prefer, you

11   can ask to speak privately to Ms. Cook; do you understand?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  All right.  So this case was commenced

14   when an information was filed back on April 21st of this year;

15   do you recall that?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  When you first came to court, you agreed

18   to waive your right to be indicted by a grand jury.  That

19   waiver was signed on May 10, 2017; do recall that?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  And do you stand on that waiver today?

22         THE DEFENDANT:  Yes, ma'am.

23         THE COURT:  You are willing to proceed on the basis

24   of the indictment?

25         THE DEFENDANT:  Yes, ma'am.

6

1          THE COURT:  All right.  And have you had an

2  opportunity to discuss the charge against you and the case, in

3  general, with Ms. Cook, your attorney?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Are you fully satisfied with the counsel,

6  representation, and advice that she has given you in this case?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  All right.  At some point -- did she

9  represent you before the information was filed?

10         THE DEFENDANT:  No, ma'am.

11         THE COURT:  Okay.  At some point during the course of

12  her representation, did she present you with a petition to

13  enter a plea of guilty and a plea agreement?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  And did you have an opportunity to read

16  and discuss the plea agreement with your lawyer before you

17  signed it?

18         THE DEFENDANT:  Yes, I have.

19         THE COURT:  And did that include the amended petition

20  to enter a plea of guilty and plea agreement that was filed --

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  -- yesterday?  All right.  And Ms. Cook,

23  were all formal plea offers by the Government conveyed to Ms.

24  Shelby?

25         MS. COOK:  Yes, Your Honor.

1            THE COURT:  And Ms. Korobov, did Ms. Shelby receive

2    the benefit of the most lenient offer the Government intended

3    to make in the case?

4            MS. KOROBOV:  She did, Your Honor.

5            THE COURT:  Ms. Shelby, is the agreement the complete

6    agreement that you made with the Government?  Are there any

7    side unwritten documents or unwritten agreements that you have

8    with the Government that I am not aware of?

9            THE DEFENDANT:  No, ma'am.

10           THE COURT:  Do you believe you understand the terms

11   of the plea agreement?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  Apart from this written document, has

14   anyone made any promises or assurances that are not in the plea

15   agreement to persuade you to either sign the agreement or plead

16   guilty?

17           THE DEFENDANT:  No, ma'am.

18           THE COURT:  Has anybody threatened you or forced you

19   in any way to either sign the plea agreement or plead guilty?

20           THE DEFENDANT:  No, ma'am.

21           THE COURT:  This is the plea agreement that calls for

22   a specific sentence with respect to the term of imprisonment,

23   and so my first responsibility today will be to determine

24   whether I accept the agreement that you have reached with the

25   Government; do you understand?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you also understand that if I choose

3  not to accept the agreement, I will give you the opportunity to

4  withdraw your plea of guilty; do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And if you choose not to withdraw your

7  plea, then it could be that I would impose a more severe

8  sentence without being bound by the plea agreement that you

9  have reached with the Government; do you understand?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Are you pleading guilty today of your own

12  free will and because you are guilty?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  All right.  Let's take a look at the

15  amended plea agreement, please.  It calls for you to plead

16  guilty to Count I, which charges you with committing the

17  offense of distribution of visual depictions of minors engaging

18  in sexually explicit conduct.  Do you understand that is the

19  charge to which you are pleading guilty?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  That crime is punishable by a maximum of

22  40 years' imprisonment, up to a $250,000 fine, and up to a term

23  of lifetime supervised release following any term of

24  imprisonment.  The minimum sentence for the offense is 15

25  years' imprisonment because of a prior conviction; do you

1   understand?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  If we had gone to trial on this charge,

4   the Government would have been required to prove certain

5   elements of the offense beyond a reasonable doubt.  They are

6   listed in Paragraph 3 of your plea agreement, and they are as

7   follows:

8           That you knowingly distributed and received a visual

9   depiction using any means or facility of interstate or foreign

10  commerce or in or affecting interstate or foreign commerce by

11  any means, including by computer, and the production of such

12  visual depiction involved the use of a minor under the age of

13  18 years engaging in sexually explicit conduct.  And such

14  visual depiction was of such minor engaged in sexually explicit

15  conduct, and you knew that at least one of the persons in such

16  visual depiction was a minor under the age of 18 years and knew

17  that the visual depiction of such minor was engaged in sexually

18  explicit conduct.

19          The Government -- do you understand those are the

20  elements of the underlying charge?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And then to establish the increased

23  sentencing range, the Government would be required to prove

24  that you have a prior conviction either under certain federal

25  laws or the laws of any state relating to aggravated sexual

1   abuse, sexual abuse, abuse of sexual conduct involving a minor

2   or ward, the production, possession, receipt, mail, sale,

3   distribution, shipment, or transportation of child pornography

4   or sex trafficking of children; do you understand?

5            THE DEFENDANT:  Yes.

6            THE COURT:  All right.  In determining whether to

7   accept your plea agreement, I have to consider the factors that

8   are listed in the sentencing statute found at 18 United States

9   Code, Section 3553(a); do you understand?

10           THE DEFENDANT:  Yes.

11           THE COURT:  One of the factors that law requires me

12  to consider are the sentencing guidelines and how they apply in

13  your case; do you understand?

14           THE DEFENDANT:  Yes.

15           THE COURT:  The guidelines are strictly advisory.

16  They are not mandatory.  I don't have to follow them, and the

17  final determination concerning your guideline range will be

18  made by me; do you understand?

19           THE DEFENDANT:  Yes.

20           THE COURT:  The Government agrees in Paragraph 6

21  that -- or you agree in Paragraph 6 that the information --

22  sorry, I will start over.  You agree in Paragraph 6 that the

23  plea agreement is based on information known to the Government

24  -- well, since it has been updated as of yesterday's date, and

25  the Government agrees not to bring other federal charges

1  against you based on the information that it knows of.  Outside

2  of the facts supporting this charge, is the Government aware of

3  any other factual basis for other potential criminal charges

4  against Ms. Shelby?

5          MS. KOROBOV:  No, Your Honor.

6          THE COURT:  This plea agreement, however, does not

7  protect you from being prosecuted for any crime that is either

8  not covered by the agreement, known to the United States at

9  this time, or that you might commit in the future; do you

10 understand?

11         THE DEFENDANT:  Yes.

12         THE COURT:  All right.  In Paragraph 8 of the plea

13 agreement, there is a summary of the rights that you give up by

14 pleading guilty.  I would like to go over those rights in a

15 little bit more detail.

16         First, you have the right to plead not guilty to any

17 offense charged against you and to maintain that plea, but when

18 you plead guilty you give up that right; do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  You would then have the right to a public

21 and speedy trial by jury, but when you plead guilty, you give

22 up that right; do you understand?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  At trial you would be presumed innocent,

25 and the Government would be required to prove your guilt beyond

1 a reasonable doubt.  But when you plead guilty you give up

2 those rights; do you understand?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  You would have the right to the

5 assistance of counsel for your defense, appointed by the Court,

6 if necessary, at trial and every other stage of the proceeding.

7 But when you plead guilty you give up that right; do you

8 understand?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  You have the right to see, hear,

11 confront, and cross-examine any witnesses against you, but when

12 you plead guilty you give up that right; do you understand?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  You would also have the right to decline

15 to testify at trial, but when you plead guilty you give up that

16 right; do you understand?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  On the other hand, you also have the

19 right to voluntarily choose to testify in your own defense, but

20 when you plead guilty you give up that right; do you

21 understand?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Now, you have no obligation to present

24 any evidence at trial, but if you wanted to, you would have the

25 right to use the Court's subpoena power to require witnesses to

13

1 provide evidence in your defense.  However, when you plead

2 guilty, you give up that right; do you understand?

3            THE DEFENDANT:  Yes, ma'am.

4            THE COURT:  Now, if it were your decision not to

5 testify or put on any evidence, those decisions could not be

6 used against you, and I would instruct the jury that they could

7 not consider those decisions in any way in reaching their

8 verdict; do you understand?

9            THE DEFENDANT:  Yes, ma'am.

10            THE COURT:  Do you further understand that by

11 entering a plea of guilty, if your plea is accepted by the

12 Court, there will be no trial, and you will have waived or

13 given up your right to a trial, as well as the other rights

14 associated with the trial that I just described; do you

15 understand?

16            THE DEFENDANT:  Yes, ma'am.

17            THE COURT:  All right.  So turning to Paragraph 9,

18 you and the Government have reached an agreement that you will

19 be sentenced to a term of 15 years' imprisonment; do you

20 understand?

21            THE DEFENDANT:  Yes, ma'am.

22            THE COURT:  And that is the part of your agreement

23 that is binding.  So the decision I have to make today is

24 whether -- whether I think a sentence of 15 years is the proper

25 sentence in your case; do you understand?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  All right.  The remaining portions of

3    your sentence are subject to argument; do you understand?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  So both you and the Government reserve

6    the right to present evidence and argument concerning whether I

7    should impose a term of supervised release following any term

8    of imprisonment in this case; do you understand that?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And it will be up to me to determine what

11    the conditions of supervised release should be; do you

12    understand?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  You have agreed, however, that certain

15    conditions should be imposed, and they are listed in

16    addendum -- or Attachment A to the plea agreement, and they are

17    paragraphs there, Subparagraphs A through I.  Do you understand

18    those conditions you have already agreed to?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  All right.  And in any event, even though

21    you can present evidence and argument concerning other

22    conditions the Court might impose, you have agreed in Paragraph

23    12 that you are giving up your right to appeal the length and

24    conditions of supervised release; do you understand?

25          THE DEFENDANT:  Yes, ma'am.

15

1          THE COURT:  You have agreed to pay a total of $100 on

2    the date of sentencing or as ordered by the Court, which is the

3    mandatory special assessment fee; do you understand?

4          THE DEFENDANT:  Yes.

5          THE COURT:  You have also agreed or acknowledged in

6    Paragraph 15 that federal law would require the payment of

7    restitution to minor victims of the offense charged in Count I

8    who were the victims of child pornography.  None have been

9    identified today; is that correct, Ms. Korobov?

10          MS. KOROBOV:  It is, Your Honor.

11          THE COURT:  But you have agreed that you will pay

12    $3,000 to each minor victim involved in Count I.

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Those funds are intended to allow those

15    victims to obtain counseling, support, treatment, or other

16    assistance; do you understand?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  All right.  So we know that you will have

19    some financial -- I didn't mention a fine.  Neither you or the

20    Government have reached an agreement on a fine.  So that will

21    be another factor or item of your sentence for me to consider

22    in exercising my discretion; do you understand?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  But we know you will have some portion of

25    your sentence that is financial, and in Paragraph 16 you're

1   agreeing that the payment of the financial portion will be a

2   condition of supervised release, as well as a payment that is

3   ordered through the Inmate Financial Responsibility Program of

4   the United States Bureau of Prisons; do you understand?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  So through that program, you might get a

7   job, and if you get a job, they will pay you.  They won't pay

8   you a significant wage, but they might pay you something.  And

9   then a portion of that can be withheld to pay off any of the

10  financial portions of your sentence; do you understand?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  All right.  If you haven't paid off any

13  amounts that you owe by the time you are off of supervised

14  release, then you will -- the Government could institute

15  collection proceedings against you; do you understand?

16           THE DEFENDANT:  Yes, ma'am.

17           THE COURT:  All right.  So one of the things I have

18  to do is make sure that there is evidence to support the crime

19  to which you are pleading guilty, and one form of evidence that

20  we rely on is stipulation, which is an agreement as to the

21  existence of certain evidence.  By your signature on your plea

22  agreement, you had stipulated that Part 5, which contains the

23  factual basis for the plea in Paragraphs A through I, you have

24  agreed that those facts contained in those paragraphs are true;

25  do you understand that?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  And are they true?

3          THE DEFENDANT:  Yes.

4          THE COURT:  All right.  The Court finds, then, that

5    the information contained in Paragraphs 17 A through I is

6    sufficient to establish a factual basis for the crime to which

7    the Defendant is pleading guilty.

8          And further, the Court finds that -- okay, I am

9    sorry.  It took me until H to get to venue, but venue is

10   included in the factual basis.  Do you have any questions?

11         THE DEFENDANT:  No, ma'am.

12         THE COURT:  All right.  In Paragraph 21 of your plea

13   agreement, you have acknowledged that you have been advised and

14   that you understand that pursuant to 18 United States Code,

15   Section 4248, you face potential civil commitment as a sexually

16   dangerous person following the expiration of your term of

17   imprisonment; do you understand?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  And do you acknowledge that you have been

20   advised about the potential for civil commitment?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  Any potential civil commitment would be

23   the subject of a separate civil proceeding, and no one,

24   including your lawyer or the Court, could predict with

25   certainty whether the result of your conviction will be a civil

18

1   commitment; do you understand?

2           THE DEFENDANT:  Yes, ma'am.

3           THE COURT:  And we cannot predict the likelihood that

4   you will be committed; do you understand?

5           THE DEFENDANT:  At what point will that be addressed?

6           THE COURT:  It won't be addressed until you finish

7   serving your term of imprisonment.

8           THE DEFENDANT:  Thank you.

9           THE COURT:  The civil commitment can be imposed for

10  an indefinite period of time; do you understand that?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  You indicated at the end of Paragraph 21

13  that even with knowledge of all those facts, you still wish to

14  plead guilty regardless of any potential civil commitment

15  consequences that may result from your plea of guilty.

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  You also must register as a sex offender

18  with the appropriate authorities of any state in which you

19  reside, are employed, or attend school as required by both

20  federal and state law; do you understand?

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  All right.  We discussed a minute ago the

23  guideline calculations in your case, and they are consistent

24  with the calculations that are contained in the presentence

25  report.  I will just go ahead and turn to the PSR since it is

1 the official calculation of probation.  The base offense

2 level -- this is on page 4 of the PSR.

3       The base offense level is 22.  To that, two levels

4 are added because the images involved a prepubescent minor who

5 had not attained the age of 12.  Because you knowingly engaged

6 in distribution, two levels are added, and because you engaged

7 in a pattern of activity that involved the sexual abuse or

8 exploitation of a minor, five levels are added.

9       Finally, because the offense involved the use of a

10 computer or interactive computer service for the possession,

11 transmission, receipt, or distribution of the material, or for

12 accessing with intent to view the material, two levels are

13 added.  That results -- I am sorry, then there is one other

14 upward adjustment.  Because you willfully obstructed or impeded

15 or attempted to obstruct or impede with respect to the

16 investigation of this offense, two levels are added.  And that

17 puts us at an adjusted offense level of 35; do you understand?

18       THE DEFENDANT:  I do.

19       THE COURT:  And then two levels are reduced because

20 you are pleading guilty, and then on motion of the Government,

21 a third level can be deducted.  Is the Government making that

22 motion?

23       MS. KOROBOV:  We are, Your Honor.

24       THE COURT:  Thank you.  Then, Ms. Shelby, that puts

25 your total offense level at 32; do you understand?

20

1          THE DEFENDANT:  I do.  I don't understand what it

2     does for me.  She has tried to explain it to me, and I just

3     can't keep my head around it.

4          THE COURT:  Do you have the chart over there?

5          MS. COOK:  Yes, Your Honor.

6          THE COURT:  The table?

7          MS. COOK:  I don't have the table in front of me

8     right now.  We have looked at that before.

9          THE DEFENDANT:  If I am going to plead 15 years,

10    then, then, does it --

11         THE COURT:  Does it matter?  No.

12         THE DEFENDANT:  Okay.

13         THE COURT:  In a word, no.

14         THE DEFENDANT:  That is the question.

15         THE COURT:  But I am, nevertheless, required to, as I

16    decide whether to accept your plea agreement, the guideline

17    calculation is something the sentencing statute requires me to

18    consider.  So I have to engage in making a calculation, and

19    then considering how the guideline range compares to the

20    agreed-upon sentence in deciding whether I should accept it.

21    So that is why we are doing this.

22         THE DEFENDANT:  Okay.

23         THE COURT:  Do you understand that now?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  Okay.  So the second half of the

1  guideline calculation relates to your criminal history and

2  convictions for which points might be assessed.

3         So the first conviction for which points are assessed

4  is a 1994 child molesting conviction out of Hendricks County.

5  Three points are assessed there.  And then, the second

6  conviction for which points are assessed is a 1994 rape and

7  criminal defiant conduct charge for which three points are

8  assessed.

9         Those two convictions result in a total criminal

10 history score of six, but you were on parole at the time this

11 crime was committed, so two points are added.  And that puts us

12 at a criminal history score of eight; do you understand?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  All right.  So the guideline calculation,

15 then, that the Court is required to consider is the result of

16 the total offense level, and we have discussed how that is 32.

17 And then, the criminal history category, and as I said, with

18 eight points, that puts you in Criminal History Category IV.

19 So at a 32-IV, the guideline range is 168 to 210 months; do you

20 understand?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  So the plea that you have entered into

23 with the Government is within that range; do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Okay.  So that is why we did that

1   calculation, all right?

2          Counsel, do you agree that is the correct

3   calculation, Ms. Korobov?

4          MS. KOROBOV:  Yes, Your Honor.

5          THE COURT:  And Ms. Cook.

6          MS. COOK:  Yes, Your Honor.

7          THE COURT:  All right.  So continuing with your plea

8   agreement at Paragraph 24, you have agreed that if I accept the

9   plea agreement and sentence you consistently with it; that is,

10  give you the 15-year sentence, regardless of how I get there,

11  you're giving up your right to appeal your conviction and

12  sentence in this case on any ground; do you understand?

13         THE DEFENDANT:  Yes.

14         THE COURT:  You are giving up not only your right to

15  appeal the length of your term of imprisonment but the length

16  and conditions of supervised release and the amount of any

17  fine; do you understand?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  All right.  Now, generally, you are

20  agreeing to give up, if I accept the plea agreement, rights

21  that you have to try to challenge your conviction or sentence

22  in a separate legal proceeding or through a motion to modify

23  your sentence; do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  There are two exceptions to that.  First,

23

1   if it should be that the Sentencing Commission decides that the

2   guideline range for the crime to which you are pleading guilty

3   should be reduced and they decide to make that reduction

4   retroactive, this plea agreement does not prevent you from

5   trying to make that reduction apply in your case; do you

6   understand?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  The Government says it will not claim

9   that you have waived your right to try to make that reduction

10  retroactive to you; do you understand?

11          THE DEFENDANT:  Yes.

12          THE COURT:  But the Government isn't in any way

13  agreeing to the application of any such reduction in the future

14  and is reserving its right to object to it on any ground other

15  than you waived your right to file it with this paragraph; do

16  you understand?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  All right.  And should you lose at the

19  trial level and try to appeal the decision, if you were to file

20  the motion here and I were say, no, I deny your request to have

21  the reduction applied to you, if you tried to appeal, then the

22  Government would say, no, you have waived your right to appeal;

23  do you understand?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  All right.  Then the other ground that

1  you have preserved is the right to make a claim that you

2  received ineffective assistance of counsel, meaning that Ms.

3  Cook did not provide you Constitutionally adequate assistance.

4  Do you understand that you have preserved that right?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  And do you have any reason today to

7  believe that Ms. Cook has not provided you with

8  Constitutionally effective assistance?

9          THE DEFENDANT:  No, ma'am.

10          THE COURT:  All right.  Do you have any questions

11  about the plea agreement?

12          THE DEFENDANT:  No, ma'am.

13          THE COURT:  When you agreed to give up your right to

14  appeal and the -- when you agreed to the limitations on your

15  right to file a collateral challenge or separate legal action

16  challenging your conviction or sentence, did you agree to give

17  up those rights after you consulted with your attorney?

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  And of your own free will?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you understand that the offense to

22  which you are pleading guilty is a felony, and if your plea is

23  accepted, you will be adjudged guilty of that offense.  That

24  adjudication may deprive you of valuable civil rights such as

25  the right to vote, the right to hold public office, the right

1  to serve on a jury, and the right to possess any kind of

2  firearm; do you understand?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  Do you also understand that parole has

5  been abolished in the federal system?  So if you are sentenced

6  to prison, you would not be released on parole.

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  And you also understand that in the

9  federal system -- I know you have done some time in the state

10 system -- but in the federal system, the maximum good time

11 credit you can earn is 15 percent of your sentence; do you

12 understand?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  All right.  Do you have any questions

15 about the guilty plea?

16          THE DEFENDANT:  No, ma'am.

17          THE COURT:  So as to the charge contained in the

18 information, the distribution of a visual depiction of minors

19 engaging in sexually explicit conduct, how do you now plead,

20 guilty or not guilty?

21          THE DEFENDANT:  Guilty.

22          THE COURT:  All right.  It is, therefore, the finding

23 of the Court in the case of the United States v. July Shelby

24 that the Defendant is fully competent and capable of entering

25 an informed plea, that the Defendant is aware of the nature of

26

1    the charge and the consequences of the plea, that the plea of

2    guilty is a knowing and voluntary plea, supported by an

3    independent basis in fact, containing each of the essential

4    elements of the offense.  The plea is, therefore, accepted, and

5    the Defendant is now adjudged guilty of the lone count of the

6    information.

7              I probably should have asked and will do so now

8    whether you stipulate to the prior convictions that cause the

9    sentence in this case to be stepped up, Ms. Cook?

10             MS. COOK:  We do, Your Honor.

11             THE COURT:  All right, thank you.

12             Turning to sentencing, then, the Court has reviewed

13   the presentence report that we have talked about.

14             (Sentencing hearing held.)

15                            - - -

16               CERTIFICATE OF COURT REPORTER

17

18             I, Jean A. Knepley, hereby certify that the

19   foregoing is a true and correct transcript from reported

20   proceedings in the above-entitled matter.

21

22

23   /S/ Jean A. Knepley                November 9, 2018
     JEAN A. KNEPLEY, RDR/CRR/CRC/FCRR  Date
24   Official Court Reporter
     Southern District of Indiana
25   Indianapolis Division