# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JULY JUSTINE SHELBY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02647-JMS-DLP |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of July Justine Shelby for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 motion

### A. Background

On November 7, 2016, at around 4:26 p.m., Ms. Shelby was arrested, handcuffed, and placed in the official vehicle of Indianapolis Metropolitan Police Detective Darin Odier. Detective Odier, who is also a member of a special task force with the Federal Bureau of Investigation, conducted the interview of Ms. Shelby. He immediately introduced himself to Ms. Shelby and advised her of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See* Dkt. 14 at 1, Transcript of audio recording of arrest.

Detective Odier showed Ms. Shelby at least two images of child pornography he believed she had sent to Beau Ray Thornburg, a convicted sex offender. *Id.* at 11-14. Ms. Shelby admitted sending the images to Thornburg and that she had sent images of child pornography to Thornburg

"many times." *Id.* at 14, 16. Ms. Shelby used the internet to obtain the visual depictions of minors engaging in sexually explicit conduct. She transmitted these visual depictions to Thornburg using her internet enabled cell phone, while she was on parole and not permitted to access the internet.

Ms. Shelby was charged in a one-count Information of knowingly distributing visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Case Number 1:17-cr-00067-JMS-MJD, dkt 28, (hereinafter "Crim. Dkt.").

On April 4, 2017, a petition to enter a plea of guilty and plea agreement was filed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Crim. Dkt. 53. In the plea agreement, Ms. Shelby agreed to plead guilty to the child pornography distribution charge described in the Information, stipulated to the facts supporting her plea of guilty, waived her right to file a direct appeal and, other than claims of ineffective assistance of counsel, waived her right to challenge her conviction or sentence in a post- conviction motion. Crim. Dkt. 53, p. 1, 7-9, 13. She acknowledged that, due to her earlier Indiana child molestation conviction, the maximum sentence she could receive was 40 years' imprisonment and the minimum sentence she could receive was 15 years' imprisonment. *Id*. at 1-2.

Ms. Shelby affirmed that: she had "read the entire plea agreement and discussed it with [her] attorney"; she understood the terms of the Plea agreement; except for the provisions of the Plea agreement, no person had made any promises to her that she would receive a lighter sentence if she would plead guilty; and that, she makes no claim of innocence and was entering the agreement freely and voluntarily because she is guilty. *Id*. at 15-16.

Trial counsel certified that she had read and fully explained to Ms. Shelby "all the accusations against [Ms. Shelby]." *Id.* at 17. Trial counsel also stated that Ms. Shelby's plea of

guilty "accords with [her] understanding of the facts as related to [her] by [Ms. Shelby] and is consistent with [her] advice to [Ms. Shelby]." *Id.*

In exchange for Ms. Shelby's plea of guilty, the United States agreed to a binding 15-year term of imprisonment, the minimum sentence Ms. Shelby could receive considering her prior Indiana child molestation conviction. *Id.* at p. 5 and 9; see 18 U.S.C. § 2252(b)(1).

Ms. Shelby's combined plea and sentencing hearing was held on September 13, 2017. At the hearing, she again verified that she had discussed the charge against her with her attorney. Dkt. 13-1 a 6. She affirmed that she had read the plea agreement and discussed it with her attorney and felt she understood the terms of the agreement. She confirmed that she understood that the plea agreement called for a sentence of 15 years but that the Court would determine whether to accept that agreement. *Id.* at 7-8. She acknowledged that she was pleading guilty of her own free will because she was guilty. *Id.* at 8. Ms. Shelby acknowledged that she had no reason to believe that her attorney had not provided her with effective assistance. *Id.* at 24.

The Court advised Ms. Shelby of the elements of the charge against her, *Id.* at 9-10, and that by pleading guilty she was relinquishing: the right to require the government to prove the elements of the offense beyond a reasonable doubt; the right to cross-examine witnesses against her; and the right to testify in her defense, *Id.* at 12-13. Ms. Shelby acknowledged that she understood that by pleading guilty she was waiving these rights. *Id.* at 13. She further acknowledged that the factual basis set forth in the plea agreement was true. *Id.* at 16-17. She made no objection when trial counsel stipulated to "the prior convictions that cause the sentence in this case to be stepped up." *Id.* at 26.

The Court determined that under the advisory Sentencing Guidelines Ms. Shelby's

guideline range would be 168 to 210 months' imprisonment and noted that the agreed upon 15-year term of imprisonment fell within that range. *Id.* at 21.

Having confirmed her understanding of the plea agreement, the rights she was relinquishing, and that under the agreement she would serve a 15-year term of imprisonment, Ms. Shelby knowingly pleaded guilty to the offense alleged in the Information. *Id.* at 25. And indeed, the Court found that Ms. Shelby was "aware of the nature of the charge and the consequences of the plea" and that her plea of guilty was "knowing and voluntary" and "supported by an independent basis of fact, containing each of the essential elements of the offense." *Id.* at 25-26.

In keeping with the terms of the plea agreement, Ms. Shelby was sentenced to 15 years' imprisonment. Crim. Dkt. 57. She did not appeal her conviction or sentence.

**B. Discussion**

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Ms. Shelby asserts that her attorney provided her ineffective assistance in violation of her Sixth Amendment rights. The Sixth Amendment to the Constitution provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that her trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of her counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id.* In the plea-bargaining context, "a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client…." *Spiller v. United States,* 855 F.3d 751, 755 (7th Cir. 2017) (internal quotation omitted).

Ms. Shelby claims that her attorney was generally ineffective during plea negotiations. Specifically, Ms. Shelby argues that her attorney was ineffective by 1) failing to properly investigate the case, 2) failing to file a motion to suppress evidence from the search of co-defendant Beau Thornburg's cell phone; and 3) failing to provide Ms. Shelby with copies of discovery so that she could effectively participate in her defense. In response, the United States argues that Ms.

Shelby's claims are not supported by the record.

Ms. Shelby's first specification of ineffective assistance of counsel is that her counsel failed to investigate the case. A petitioner alleging ineffective assistance due to a failure to investigate "has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)); *see also Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) ("When counsel's purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." (internal quotation omitted)).

This claim of ineffective assistance fails because Ms. Shelby has not specifically described either the evidence that counsel allegedly failed to investigate or the information that an investigation would have produced. Ms. Shelby's bare assertions that counsel failed to investigate are not sufficient to establish either deficient performance or prejudice.

Ms. Shelby's second specification of ineffective assistance of counsel is that her counsel failed to file a motion to suppress evidence from the search of co-defendant Beau Thornburg's cell phone. But, Ms. Shelby had no standing to invoke the Fourth Amendment rights of Thornburg and any motion to suppress evidence from Thornburg's phone would have been frivolous. *See Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."). "[C]ounsel cannot be said to be deficient for failing to take frivolous action." *See United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004).

In reply, Ms. Shelby acknowledges that she cannot assert Thornburg's Fourth Amendment rights but argues that her attorney should have notified Thornburg's attorney so that he could challenge the search. Dkt. 17 at 1. The assertion that trial counsel was ineffective for failing to instruct another attorney on how they should do their job is not persuasive. Ms. Shelby's counsel cannot be found to have provided deficient representation based on the actions of a co-defendant's attorney. In any event, even if the evidence from Thornburg's phone had been suppressed, Ms. Shelby's admissions in her post-*Mirandized* statements were sufficient evidence of her guilt, such that Ms. Shelby cannot show prejudice by the failure to suppress evidence collected from Thornburg's cell phone.

Finally, Ms. Shelby asserts that her counsel was deficient by failing to provide Ms. Shelby with copies of discovery so that she could effectively participate in her defense. The United States argues that while Ms. Shelby may not have been provided copies of discovery, she was allowed to view discovery. In particular, at the time of her arrest Detective Odier showed Ms. Shelby at least two images of child pornography that Ms. Shelby sent to Thornburg. After being *Mirandized*, Ms. Shelby admitted she sent the images to Thornburgh. There is no basis to conclude that Ms. Shelby would not have pled guilty had she been given the opportunity to further review any discovery.

In reply, Ms. Shelby argues that her attorney "failed to provide Shelby with the necessary facts regarding sentencing options and other pertinent information related to discovery and her case." Dkt. 17 at 2. Apparently, Ms. Shelby believes that her vulnerability to sexual assault in prison was not given proper weight at sentencing. Again, it is not clear what information would have changed the outcome in this case, but Ms. Shelby cannot show that she was prejudiced at

7

sentencing because she was sentenced to the statutory minimum consistent with the plea agreement.

Ms. Shelby's counsel negotiated an extremely favorable plea agreement of 15 years which is the statutory minimum sentence she was eligible for. Counsel appropriately counseled Ms. Shelby to accept the plea agreement given Ms. Shelby's post-*Mirandized* statements and forensic evidence of her guilt. Under these circumstances, there is no credible claim of deficient performance by Ms. Shelby's attorney.

### C. Conclusion

For the reasons explained in this Entry, Ms. Shelby has failed to show that she is entitled to the relief she seeks, and her motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry shall also be entered on the docket in the underlying criminal action, 1:17-cr-00067-JMS-MJD.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Ms. Shelby has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JULY JUSTINE SHELBY
15472-028
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1000
Otisville, NY 10963

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov