UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00067-JMS-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JULY SHELBY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00067-JMS-MJD |
| ) | |
| JULY SHELBY, ) -1 | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant July Shelby has filed two motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 64, 113. For the reasons explained below, her motions are **DENIED**.

**I.
Background**

In September 2017, Ms. Shelby pled guilty to distribution of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2255(a)(2). Dkt. 57 at 1. While incarcerated at the Indiana Department of Corrections, Ms. Shelby met another individual. Dkt. 53 at 8. Ms. Shelby became aware that this individual was sexually attracted to children. *Id.* After she was released and while on parole, Ms. Shelby obtained and sent two photos of minors to this person via text message. *Id.* These images depicted: (1) an adult male holding a pre-pubescent child between his legs with his penis pushed against the nude genital area of the pre-pubescent child; and (2) the exposed and nude vaginal area of a prepubescent female with another person using one hand to pull her panties to the side and the other touching the child's vaginal area. *Id.* at 8. At the time, Ms. Shelby had prior convictions for child molesting and rape. *Id.* at 9; dkt. 55 at 8.

Ms. Shelby faced a guidelines range of 168 to 210 months of imprisonment. Dkt. 55 at 17. The Court sentenced her to 180 months of imprisonment followed by 10 years of supervised release. Dkt. 57 at 2–3. The Bureau of Prisons ("BOP") currently reports Ms. Shelby's anticipated release date (with good-conduct time included) as October 20, 2029. https://www.bop.gov/inmateloc/ (last visited August 19, 2024).

Ms. Shelby filed a motion for compassionate release *pro se*. Dkt. 64. Thereafter, counsel was appointed, and Ms. Shelby filed an amended motion. Dkt. 114. Ms. Shelby argues in her amended motion that she establishes extraordinary and compelling reasons for compassionate release based on a combination of sexual abuse that Ms. Shelby has been subjected to while incarcerated, the conditions in which she has been housed, and a lack of gender affirming care available in the BOP. *Id.* The United States opposes the motion, dkt. 120, and Ms. Shelby filed a reply, dkt. 124. The motions are now ripe for the Court's review.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*,

3

996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The United States Sentencing Guidelines permit a court to find that extraordinary and compelling reasons for release where:

> [t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of . . . sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2); . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

The Guidelines require that the misconduct be established "by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding." U.S.S.G. § 1B1.13(b)(4).

Ms. Shelby does not contend that she meets the requirements of this provision. She argues, however, that she establishes extraordinary and compelling reasons for release under § 1B1.13(b)(5) which provides that such circumstances may be found where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

With regard to consideration of Ms. Shelby's victimization while incarcerated, such circumstances plainly do not meet the requirements of § 1B1.13(b)(4). None of the abuse was alleged to have been committed by or at the direction of a correctional officer or other person with control over Ms. Shelby. She alleges only that some of the abuse was committed due to "gross negligence" by the BOP, dkt 124 at 3, which falls short of the BOP culpability required by the

4

guidelines. § 1B1.13(b)(4) was a response by the sentencing commission to the Department of Justice's suggestion that compassionate release may be appropriate in certain cases of abuse by BOP employees. Amendments to the Sentencing Guidelines, April 27, 2023, at 6, https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited August 20, 2024); Report and Recommendations Concerning the Department of Justice's Response to Sexual Misconduct by Employees of the Federal Bureau of Prisons, at 24, https://www.justice.gov/d9/pages/attachments/2022/11/03/2022.11.02_bop_sexual_misconduct_working_group_report.pdf (last visited August 20, 2024). The lack of culpability by the BOP runs contrary to the purposes of § 1B1.13(b)(4), undermining her argument that such abuse is "similar in gravity" to the type of abuse described in this provision.

Further undermining such an argument, none of the abuse was established by any criminal conviction or civil liability. Ms. Shelby argues that she should not be held to this standard because the Government has a conflict of interest in pursuing criminal charges in matters of prisoner abuse. However, numerous examples of such prosecutions exist, e.*g.*, *United States v. Nakie Nunley*, No. 23-213 (N.D. Cal. Sept. 5, 2023), ECF No. 14, and Ms. Shelby is able to pursue civil liability without permission from the Government.

While the abuse that Ms. Shelby claims to have endured is reprehensible, the conduct is not similar in gravity to the abuse that may create extraordinary and compelling reasons for release as described in § 1B1.13(b)(4). For that reason, the Court finds that Ms. Shelby has not met her burden to show that her abuse in prison is an extraordinary and compelling reason for release whether considered alone or with any other reason.

Ms. Shelby next argues that the Court should consider the conditions in the BOP, including her being separated from other inmates as a way of preventing abuse has subjected her to unduly

harsh terms of incarceration. Dkt. 114 at 1. Allegations that the BOP has failed to provide adequate and appropriate protection from sexual abuse might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). For this reason, the Court finds that Ms. Shelby has not met her burden to show that the conditions she has been subjected to constitute an extraordinary and compelling reason for release whether considered alone or in combination with any other reason.

Finally, Ms. Shelby argues that she should be released because she has not received timely gender affirming care and that she should be permitted to pursue such care outside of the BOP. Dkt. 114 at 1. The Court notes that a civil suit, not compassionate release, is the proper vehicle to pursue a claim based on lack of timely medical care in the BOP. Additionally, the Court finds Ms. Shelby's claims that she will not receive gender affirming surgery in the future to be speculative. The Court cannot release Ms. Shelby based upon her fear that she will not receive treatment in a timely manner. For that reason, the Court cannot find that any alleged delay in Ms. Shelby receiving gender affirming care is an extraordinary and compelling reason for release whether considered alone or in combination with any other reason.

Even if the Court were to assume that Ms. Shelby had established an extraordinary and compelling reason, however, the Court would nevertheless find that Ms. Shelby is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in her

favor.[1] Weighing in her favor, the Court acknowledges that the nature of the abuse suffered by Ms. Shelby while incarcerated has increased the harshness of her term of incarceration. However, Ms. Shelby committed a serious crime which victimized extremely young children. She did so after having committed multiple crimes against children in her past as well and while remaining subject to the terms of a criminal sentence. The Court concludes that the risk that Ms. Shelby would again resume committing sexual crimes against children is too great to set aside and that there would be a substantial risk to the public if Ms. Shelby is released. Further, Ms. Shelby is not scheduled to be released from prison until October 2029; thus, releasing her now would be a substantial reduction in her sentence.

In light of these considerations, the Court finds that releasing Ms. Shelby early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## III.
## Conclusion

For the reasons stated above, Ms. Shelby's motions for compassionate release, dkts. [64], [113], are **denied**.

**IT IS SO ORDERED.**

Date: 8/23/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

July Shelby
Register Number: 15472-028
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127